**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| SOPHIA MARESCA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-4025 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for an Award of Attorney's Fees and Costs pursuant to the Equal Access to Justice Act ("EAJA"). For the reasons set forth below, Plaintiff's Motion [#22] is GRANTED.

**BACKGROUND**

On June 12, 2003, Plaintiff Sophia Maresca ("Maresca") filed an application for Supplemental Security Income ("SSI"), alleging disability beginning December 1, 2003. Her application was denied both initially and on reconsideration. Maresca requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing, the ALJ denied Maresca's claim, holding that Maresca was able to perform at least light work and was thus not disabled. The matter came before this Court after the Appeals Council denied Maresca's request for review of the ALJ's decision. In her Motion in front of this Court, Maresca argued that the ALJ erred when he gave no weight to the opinion of the

treating social worker Michelle Hyman and that the ALJ erred in his credibility determination of Maresca.

In the July 15, 2008, Order, this Court held the ALJ's decision to deny Maresca SSI benefits was not supported by substantial evidence. Specifically, the Court held that it could not conclude that substantial evidence supported the ALJ's determination that Maresca was not disabled. The Court found that the ALJ's decision to discredit Michelle Hyman's notes because they "contradicted" the notes of treating physician Dr. Ralph Saintford was not supported by substantial evidence. The Court noted that the ALJ failed to explain why he gave weight to a report from Dr. Saintford that supported his ruling but rejected the reports of Dr. Saintford that were unfavorable to his decision. The Court stated that the "failure to give a reasoned explanation for giving overwhelming weight to one meeting between Maresca and Saintford in May 2005, especially when a meeting just two months later between the same individuals showed a markedly difference result, prevents this Court from upholding the ALJ's decision." (Order, 11). In addition, citing *Kangail v. Barnhart,* 454 F.3d 627 (7th Cir. 2006), the Court found that the notes of Michelle Hyman and Dr. Saintford may not actually contradict due to the episodic nature of Maresca's mental illnesses. This Court also held that, due to controlling law regarding mental disabilities, it could not conclude that substantial evidence supported the ALJ's determination that Maresca could be employed.

The Court granted Maresca's Motion for Summary Reversal [#15] and denied Defendant's ("Commissioner") Motion for Summary Affirmance [#17].

The Court remanded the case under sentence four of 42 U.S.C. § 405(g), for the ALJ to consider Dr. Saintfort's July 2005 opinion, Maresca's ability to work, and either provide the necessary explanation of the record in its entirety or conduct additional proceedings that the Commissioner deemed appropriate. The Court directed the Clerk to enter final judgment in favor of Maresca.

Maresca filed a timely fee petition seeking $8,582.38, pursuant to the EAJA, arguing that she is entitled to her reasonable attorney's fees for the successful prosecution of her case.

## DISCUSSION

EAJA permits an eligible prevailing party to recover "fees and other expenses incurred by that party in connection with" a proceeding before an administrative agency. 5 U.S.C. § 504(a)(1). The Supreme Court summarized the requirements for a fee application as follows:

> [E]ligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990).

Maresca is the prevailing party because her case was remanded pursuant to sentence four of the Social Security Act. No special circumstances were alleged and the fee application was timely. The Court must first address whether the Commissioner's position was substantially justified.

3

**Substantial Justification**

A Commissioner's position is substantially justified if his conduct has a reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct. *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004) (internal citations omitted). The Commissioner bears the burden of proving that his position was substantially justified. *Id.* EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position is not substantially justified. *Id.* A decision by an ALJ constitutes part of the agency's pre-litigation conduct. *Id.* (internal citation omitted). The district court is to make only one determination for the entire civil action. *Id.*

The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. *Id.* (internal citation omitted). The government must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Id.* The substantial justification standard is not equivalent to the "substantial evidence" standard used to evaluate an ALJ's decision on the merits of a disability claim. *U.S. v. Hallmark Const. Co,* 200 F.3d 1076, 1080 (7th Cir. 2000). Accordingly, a finding that the case should be remanded because the Commissioner's position was not supported by substantial evidence is not conclusive evidence that fees should be awarded under the EAJA. *Id.* at 1079-80. Nonetheless, strong language against the Commissioner's position in an opinion on the merits is evidence in support of an award of fees. *Golembiewski,* 382 F.3d at 724.

Here, the Commissioner argues that the ALJ's denial of Maresca's disability had a reasonable basis in law and fact throughout the administrative and legal process. The Commissioner asks the Court to find that the government was substantially justified.

The Court finds that the Commissioner fails to meet his burden of proving that his position was substantially justified. While the Court concluded that the ALJ's credibility determination was not patently wrong, the Court remanded the matter, holding that the ALJ's decision was not supported by substantial evidence. (Order 9, 13). Specifically, the Court found that neither the ALJ's determination that Maresca was not disabled nor the ALJ's determination that Maresca could be employed was supported by substantial evidence. (Order 11-12, 13). The ALJ failed to explain why he discounted evidence unfavorable to his decision and failed to discuss how controlling law regarding mental disabilities supported his assertion that Maresca can be employed. *Id.* In light of these shortcomings, the Commissioner cannot show his position was substantially justified.

**Reasonable Fees**

The Defendant does not dispute that the fees requested by Maresca are reasonable. The Court has reviewed the fee petition and finds the hours worked (49.3 for attorneys and 3.1 hours for legal assistants) to be reasonable. The EAJA statute allows for payment of attorney's fees at $125.00 per hour and that the Court may determine that an increase in the cost of living justifies an increase in the hourly amount. 28 U.S.C. § 2412(d)(2)(A). The Court finds that

5

an increase in the cost of living justifies an increase in the hourly rate and that Maresca's calculation to determine the increase in the cost of living to be appropriate. In addition, the Court finds the hourly rate for the legal assistants ($85.00 per hour) to be reasonable. Therefore, the Court will award $8,318.88 in attorney's fees and $263.50 in legal assistant's fees.

## CONCLUSION

For the reasons set forth above, Maresca's Motion [#22] is GRANTED and the Commissioner is ordered to pay $8,582.38 in legal fees. The Court orders the Commissioner to pay this amount directly to attorney Barry A. Schultz. ENTERED this 8th day of October, 2008.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge